OPINION
The instant action in mandamus is before this court for consideration of the motion to dismiss of respondent, the State of Ohio. As the primary basis for its motion, respondent submits that the merits of the mandamus petition have been rendered moot because relator, Alvin Pruitt, has been released from the county jail. For the following reasons, we conclude that the motion to dismiss is well taken.
In bringing this action, relator has sought the issuance of an order which would require the Trumbull County Sheriff to perform certain acts. First, relator requested in his petition that the Sheriff be required to give him additional access to the law library of the county jail. Second, relator has asked that the sheriff be ordered to exempt him from certain prison costs.
In now moving to dismiss, respondent asserts that it would now be impossible for the Trumbull County Sheriff to do any act in regard to relator because relator is no longer an inmate at the county jail. In support of the assertion, respondent has attached to its motion the affidavit of Thomas Altiere, Trumbull County Sheriff. In this affidavit, Sheriff Atliere avers that, although relator was incarcerated in the jail for approximately seven days in December 2001, he was released from custody shortly before the filing of this action and is not an inmate in the jail at this time.
In considering mandamus actions pertaining to the conditions of a jail, this court has held that the merits of such actions become moot when the incarceration of the relator is terminated. Clark v Dunlap
(Mar. 9, 2001), Lake App. No. 2000-L-204, unreported. Furthermore, we have recently held that evidentiary materials can be considered in ruling upon a motion to dismiss when the motion is predicated on mootness. Statex rel. Robinson v. McKay (Feb. 15, 2002), Trumbull App. No. 2001-T-0125, unreported.
In the instant case, relator has not filed a response to the motion to dismiss; thus, the undisputed evidentiary material before this court shows that relator is no longer incarcerated at the county jail. Under these circumstances, any deficiency in the manner in which jail inmates are given access to the law library can no longer have any adverse effect upon relator. Similarly, given that relator has been released, he can no longer be subject to any "costs" levied by Sheriff Altiere or his staff. As a result, even if relator had properly named Sheriff Altiere as a party to this action, dismissal of his mandamus petition is warranted on the basis of mootness.
As an aside, we would note that relator's petition contained a number of miscellaneous requests pertaining to an appeal which he has filed with this court. For example, relator has asked that this court attempt to ensure that certain documents be included in the appellate record. Without commenting upon the merits of the request, we would indicate that such requests cannot be considered in the context of an original action in mandamus. Instead, they should be made in a properly-framed motion in the appeal itself.
Pursuant to the foregoing analysis, respondent's motion to dismiss is granted. It is the order of this court that relator's mandamus petition is hereby dismissed.
NADER, GRENDELL, concur.